UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00529-FDW

| | | |
|---|---|---|
| OBADIAH DOCTOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DAVID MITCHELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff Obadiah Doctor's pro se civil Complaint, filed on March 16, 2017 (Doc. No. 1), and Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Application") (Doc. No. 2).

The Court has examined Plaintiff's IFP Application and prison trust fund account statement (Doc. No. 5). It appears he does not have sufficient funds to proceed in this matter. Therefore, the Application shall be granted.

**I.    BACKGROUND**

Plaintiff was a prisoner of the State of North Carolina when he filed this action under 42 U.S.C. § 1983. At all times relevant to this Complaint, he was housed at Lanesboro Correctional Institution ("LCI") on control status. (Compl. ¶ 10, Doc. No. 1.) Plaintiff names as defendants David Mitchell, identified as Superintendent of LCI, Prison Health Services Manager, identified as the manager of health services at LCI, J. Bennett, identified as the superintendent of programs at LCI, Kevin Ingram, identified as a unit manager at LCI, and FNU McClamrock, identified as a former nurse at LCI.

Plaintiff asserts that he suffers from a "neurasthenic condition, constant irregular bowel

1

movements/burning stomach problems, . . . chronic neuromuscular pains, . . . chronic [migraines,]" and type-2 diabetes. (Compl. ¶¶ 11, 34.) He alleges that between July 6, 2015, and October 9, 2015, he was not seen by medical personnel within a reasonable time of putting in sick call requests, there were constant delays in refilling his prescription pain medications, and although he was seen by a nurse, he was never seen by a doctor or a physician's assistant ("P.A."). Plaintiff asserts that he was in constant pain and harmed himself several times because of it and because he was unable to see a doctor, P.A., or someone in mental health.[1]

Specifically, on July 13, 2015, Plaintiff asked to see mental health, but his request was denied. Thereafter, he told Defendant Mitchell that he "really needed to see mental health," and Mitchell replied that he would pass Plaintiff's request "to mental health, personally. (Compl. ¶ 18.) Plaintiff was not seen by mental health that day.

Plaintiff informed Defendant Ingram on July 14, 2015, that he had asked to see mental health the previous day but was not seen, and that he still needed to talk to someone in mental health. When Ingram asked why, Plaintiff responded, "It's personal, but I'm feeling suicidal." Plaintiff alleges Ingram said, "Whatever[,] man, ya'll fellows kill me with this mental health bullshit," and walked off. Plaintiff was not seen by mental health that day and "ended up committing [a] self injury." (Compl. ¶¶ 19-24.)

On September 22, 2015, according to the Complaint, Plaintiff told FNU McClamrock during morning medical call that he had a medical emergency and asked her to check his blood sugar. Plaintiff states he explained to McClamrock that he had type-2 diabetes, had not eaten his last four meals, and that he was sick. McClamrock refused to pull him out of his cell to check his blood sugar and told him to put in a sick call. (Compl. ¶¶ 32-35.)

---

[1] The dates on which Plaintiff committed a self-injury were July 14, 2015, Sept. 22, 2014, and Oct. 9, 2015. (Compl. ¶¶ 19, 24, 32, 41, 46-47.)

Thereafter, Plaintiff refused to eat his next meal due to having a severe migraine, stomach pain, nausea and dull chest pain. He called a medical emergency, and about an hour later, another nurse pulled Plaintiff out of his cell and checked his blood sugar. His blood sugar was very low and his blood pressure was high. The nurse gave Plaintiff a sugar tab and crackers, and sent him back to his cell. Later, "due to being in so much pain and feeling as if medical didn't want to help him," Plaintiff took an overdose of medication. (Compl. ¶¶ 36-41.)

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous," "malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, the Court must determine whether the Complaint raises an "indisputably meritless legal theory," Denton v. Hernandez, 504 U.S. 25, 32 (1992), or is founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios," Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A complaint fails to state a claim if after accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences from those allegations in the plaintiff's favor, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). While a pro se complaint must be construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law, see Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). For the purposes of this Order, the Court will assume that Defendant Bauer was a state actor while treating Plaintiff.

"[T]he Eighth Amendment's prohibition against 'cruel and unusual punishments' [extends] to the treatment of prisoners by prison officials," Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013), and "forbids the unnecessary and wanton infliction of pain," id. (internal quotation marks omitted). As the Supreme Court has explained, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted).

J. Bennett shall be dismissed as a defendant, as Plaintiff has plead no facts related to her. Otherwise, the Complaint does not appear to raise an "indisputably meritless legal theory," Denton, 504 U.S. at 32, or to be founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios," Neitzke, 490 U.S. at 327-28. Accordingly, it survives initial review.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**;

2. The Clerk of Court shall terminate J. Bennett as a defendant in this action;

3. The Clerk of Court shall send a copy of this Order and blank summons forms to

Plaintiff at his current address;

4. Plaintiff shall complete and return the summons forms to the Clerk of Court within 15 days of entrance of this Order;

5. Using the summonses provided by Plaintiff, the Clerk shall prepare process for delivery and notify the United States Marshal who, pursuant to Fed. R. Civ. P. 4(c)(3), shall serve process upon the named Defendants.

**SO ORDERED.**

Signed: October 16,

Frank D. Whitney
Chief United States District Judge